UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIUS GIMUTAO,<br><br>                      Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>                      Defendant. | Case No.: 3:20-cv-1868-BEN-LL<br><br>**ORDER GRANTING UNOPPOSED MOTIONS TO STRIKE AND TRANSFER VENUE**<br><br>**[ECF Nos. 4, 5]** |

On September 21, 2020, Plaintiff Julius Gimutao filed a Complaint against Defendant United States of America seeking monetary damages. ECF No. 1. Gimutao alleged four claims for injuries suffered while he was allegedly working onboard *SBX-1*, a sea-based x-band radar vessel operated by the United States. On November 23, 2020, the United States filed (1) a Motion to Strike Plaintiff's Jury Demand, ECF No. 4, and (2) a Motion to Transfer Venue to the United States District Court for the District of Hawaii, ECF No. 5.

**I.  DISCUSSION**

In support of its Motion to Strike, the United States argues that Gimutao has brought suit under the Public Vessels Act (46 U.S.C. §§ 31101, *et seq.*) and the Suits in Admiralty Act (46 U.S.C. §§ 30901, *et seq.*), both of which are limited waivers of sovereign immunity by the United States, but neither of which provides the right to a jury

trial. *See* 46 U.S.C. § 30903(b) (providing that "[a] claim against the United States . . . under [the Suits in Admiralty Act] shall be tried without a jury"); *United States v. United Cont'l Tuna Corp.*, 425 U.S. 164, 171 (1976) (noting that suits brought under the Public Vessels Act shall be subject to and proceed in accordance with the provisions of the Suits in Admiralty Act). Gimutao filed a notice of non-opposition to the Motion to Strike. ECF No. 6. The Court agrees that Gimutao is not entitled to a jury trial for his claims. As there is no legal basis for a jury trial demand, the Motion to Strike is **GRANTED**, and the jury trial demand is stricken from the Complaint.

     In support of its Motion to Transfer Venue, the United States argues that it "is only subject to suit 'in the district court of the United States for the district in which the vessel . . . [charged with creating the liability] is found within the United States.'" Mot., ECF No. 5, 5 (quoting 46 U.S.C. § 31104(a)). A public vessel is "found" in the district in which it is physically present when the complaint is filed. *See Sherman v. United States*, 246 F. Supp. 547, 548 (W.D. Mich. 1965). However, if a vessel is not within the territorial waters of the United States, a plaintiff may bring a Public Vessels Act action in the district in which he resides. 46 U.S.C. § 31104.

     The Complaint in this matter was filed on September 21, 2020. ECF No. 1. The Complaint alleges "[t]he vessel identified as *SBX-1* is not currently known to be [] located in the territorial waters of the United States." ECF Nos. 1, 2. However, the United States has attached to its Motion to Transfer a declaration containing *SBX-1*'s log book for the day the Complaint was filed, which indicates *SBX-1* was moored at Pier F-13 in Pearl Harbor, Hawaii, on September 21, 2020, within the territorial waters of the United States. Young Decl., ECF No. 5-2, Ex. A. The Court finds this log book to be competent evidence of *SBX-1*'s location for purposes of this motion. *See, e.g.*, *Chilean Line Inc. v. Main Ship Repair Corp.*, 232 F. Supp. 907, 908 (S.D.N.Y. 1964) (using affidavits to establish the locations of two ships for purposes of evaluating proper forum under the Public Vessels Act). Moreover, Gimutao does not oppose transfer. *See* ECF No. 7. Accordingly, the Motion to Transfer is **GRANTED**.

## II. CONCLUSION

The United States' Motion to Strike is **GRANTED**. ECF No. 6. This action is TRANSFERRED to the United States District Court for the District of Hawaii for further proceedings pursuant to 28 U.S.C. § 1406(a).

**IT IS SO ORDERED.**

Date: December 22, 2020

_____
HON. ROGER T. BENITEZ
United States District Judge